986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Norman Paul MULLEN, Jr., Appellant.
 No. 92-2757.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 13, 1993.
Filed: February 17, 1993.
 
 Before WOLLMAN, and BEAM Circuit Judges, and NANGLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Norman Paul Mullen, Jr., appeals the fifteen-month sentence imposed by the district court[1] following his guilty plea to conspiring to produce false identification in violation of 18 U.S.C. § 371. We affirm.
 
 
 2
 On March 19, 1992, pursuant to a plea agreement, Mullen pleaded guilty to conspiring with Michael Charles Burkholder to produce fraudulent Texas driver's licenses. The men planned to use the licenses in a scheme to defraud banks in Little Rock, Arkansas, of $50,000 to $60,000, in violation of 18 U.S.C. § 1028(a)(3).
 
 
 3
 Following Mullen's guilty plea, the presentence report (PSR) calculated his criminal history score as I and his offense level as 15, yielding a sentencing range of 18 to 24 months. Mullen filed several objections to the PSR, but the only one relevant to this appeal is his claim that he was entitled to a three-level reduction under U.S.S.G. § 2X1.1(b)(2) because the conspiracy had not been completed.
 
 
 4
 Following a sentencing hearing at which Burkholder detailed the steps the men had taken to implement their scheme, the district court denied the reduction. The court sentenced Mullen to fifteen months, a three-month downward departure based on the government's U.S.S.G. § 5K1.1 motion. On appeal, Mullen argues that the district court erred by denying him the section 2X1.1(b)(2) reduction.
 
 
 5
 Section 2X1.1(b)(2) provides for a three-level reduction in conspiracy cases,
 
 
 6
 unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.
 
 The background commentary explains that:
 
 7
 In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of 3 levels is provided....
 
 U.S.S.G. § 2X1.1, comment. (backg'd.)
 
 8
 The record here indicates that Mullen and Burkholder had not taken all the steps necessary to cash in on their scheme before their arrest. They had, however, completed most of the acts necessary to achieve their objectives. They got the information they needed to make and made the fake Texas driver's licenses, went to Mexico and purchased cashier's checks, incorporated two sham businesses in Little Rock, and opened six different bank accounts under assumed names. Moreover, they were "about to complete" the rest of their tasks-having the checks altered, establishing a cash flow at the banks, and floating the checks-"but for [their] apprehension." Section 2X1.1(b)(2). Additionally, the men were not arrested "well before [they] ... completed the acts necessary for the substantive offense." Section 2X1.1, comment. (backg'd.); see United States v. Strickland, 935 F.2d 822, 832 (7th Cir.), cert. denied, 112 S. Ct. 324 (1991). Therefore, the district court correctly concluded that Mullen and Burkholder had "substantially completed" their scheme and denied the reduction.
 
 
 9
 The judgment is affirmed.
 
 
 
 *
 The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Southern District of Georgia, sitting by designation
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas